UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAN HARRIS ET AL., individually and on behalf of others similarly situated, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 4:07-cv-3938 |
| AUXILIUM PHARMACEUTICALS, INC., | § | |
| Defendant. | § § | |

MEMORANDUM AND ORDER

Pending before the Court are Plaintiffs' Motion for Reconsideration of Memorandum and Order (Doc. No. 106); Motion for Summary Judgment of Defendant Auxilium Pharmaceuticals, Inc. (Doc. No. 112); and Plaintiffs' Motion to Strike Auxilium's Third Motion for Summary Judgment (Doc. No. 119). After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiffs' motion to reconsider should be granted, Plaintiffs' motion to strike should be granted, and Defendant's motion for summary judgment should be dismissed.

I.      BACKGROUND AND PROCEDURAL HISTORY

This suit arises out of Plaintiff Jan Harris's employment with Defendant Auxilium Pharmaceuticals, Inc. ("Auxilium"). In a previous Memorandum and Order (Doc. No. 102), the Court determined that Auxilium's second motion for summary judgment should be granted in part and denied in part. Specifically, the Court denied summary judgment to Auxilium on Harris's claims pursuant to the Equal Pay Act ("EPA"), 29 U.S.C. §§ 206(d), and granted summary judgment to Auxilium on Harris's claims pursuant to the

Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17; and Age Discrimination in Employment Act, 29 U.S.C. §§ 621-634.

Harris now urges this Court to reconsider its ruling on her FLSA claims in light of an *amicus curiae* brief filed by the United States Secretary of Labor in *In re Novartis Wage and Hour Litigation*, 611 F.3d 141 (2d Cir. 2010), which runs contrary to the Court's prior ruling. Defendant urges the Court to grant summary judgment on Harris' EPA claims on the basis of new evidence.  Plaintiff moves to strike the motion for summary judgment as untimely.  The Court addresses each argument in turn.

## II.      MOTION FOR RECONSIDERATION

Harris moves for reconsideration on two grounds.  First, she argues that this Court should reexamine its holding that pharmaceutical representatives are exempt from FLSA under the "administrative" and "outside sales" exemptions in light of an intervening change in the controlling law.  Second, she argues that this Court misapplied the proper summary judgment standard in weighing the parties' evidence on the FLSA claims. (Pls.' Mot. for Recons. of Memo. & Order, Doc. No. 106, at 1-2.)

### A.  Legal Standard

A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b).  *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'"  *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered

or raised before the entry of judgment." *Id.* At 479 (citing *Simon v. United States*, 891 F.3d 1154, 1159 (5th Cir. 1990)).  Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003).  Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly.  *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)).

The Court may consider Harris's motion to reconsider despite its untimeliness. If a motion for reconsideration is filed within ten days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion. Otherwise, it is treated as a Rule 60(b) motion. *See Shepherd v. International Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir.1998). However, under Rule 54(b), a court may revise an "order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties." A court may revise its order "at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), a court is not limited by Rule 59(e)'s ten-day deadline in its review of interlocutory orders. A court may apply Rule 59(e)'s standards to a motion for reconsideration of an interlocutory order as long as the motion is not unreasonably delayed. *See Automated Bus. Cos. v. ENC Tech. Corp.*, Case No. H-06-1032, 2009 U.S. Dist. LEXIS 101031, at *4 (S.D. Tex. Oct. 30, 2009); *Standard Quimica De Venezuela v. Cent. Hispano International, Inc.,* 189 F.R.D. 202, 205 (D.P.R. 1999). The Court's prior

Memorandum and Order (Doc. No. 102) may be considered an interlocutory order under Rule 54(b) because, in it, the Court adjudicated fewer than all of Harris's claims. The Court granted Auxilium's motion for summary judgment as to Harris's FLSA, Title VII, and ADEA claims, and denied summary judgment as to Harris's EPA claim. Therefore, the Court may properly reconsider and revise its prior order using the Rule 59(e) standards.

### B.  Analysis

In its previous order, this Court determined that Harris could not bring a FLSA claim because her position as a Medical Sales Consultant ("MSC"), or pharmaceutical representative, took her out of FLSA's purview.  This Court found that the MSC position was exempt from FLSA under the "administrative" and "outside sales" exemptions.

Shortly after this Court's order came out, the Department of Labor ("DOL") filed an *amicus curiae* brief in a case then pending before the Second Circuit, *In re Novartis Wage & Hour Litigation*, 611 F.3d 141 (2010).  In *Novartis*, The DOL argued that, under its regulations, pharmaceutical representatives "do not meet the requirements for either the outside sales or administrative exemption."  (Br. for the Secretary of Labor as *Amicus Curiae* in Supp. of Pls.-Appellants, Doc. No. 106-2, at 5.)  Regarding the outside sales exemption, the DOL noted that, "[b]ecause the [pharmaceutical representatives] do not sell any drugs or obtain any orders for drugs, and can at most obtain from the physicians a non-binding commitment to prescribe NPC's drugs to their patients when appropriate, [they] do not meet the regulation's plain and unmistakable requirement that their primary duty must be 'making sales.'" (*Id.* at 10.)  Under the administrative exemption, the DOL noted that, although pharmaceutical representatives work independently, that "does not

suffice to qualify for the administrative exemption; [the representatives] do not perform any primary duties that are largely comparable to those found in 29 C.F.R. § 541.202(b), such as formulating or implementing management policies, utilizing authority to deviate from established policies, providing expert advice, or planning business objectives." (Doc. No. 106-2, at 21.)

While this motion for reconsideration was pending at this Court, the Second Circuit concluded that under the DOL's regulations, pharmaceutical representatives are not outside salesmen or administrative employees for the purposes of FLSA's overtime pay requirements. *Novartis*, 611 F.3d at 149. The *Novartis* court determined that the DOL's interpretations were "entitled to 'controlling' deference," *id.*, under the Supreme Court's decision in *Auer v. Robbins*, 519 U.S. 452, 461 (1997).

After a review of the applicable authority, this Court adopts the reasoning of the Second Circuit and holds that Plaintiffs are not outside salesmen or administrative employees under FLSA. This Court recognizes that district courts are split on the issue, and that some courts have specifically rejected the DOL's reasoning as set forth in its *Novartis amicus* brief. *See, e.g.*, *Christopher v. SmithKline Beecham Corp.*, 2010 WL 396300, at *1-2 (D. Ariz. Feb. 1, 2010). In this Court's opinion, however, the *Novartis* court sets forth a persuasive and reasoned analysis for its deference to the DOL's interpretation of its regulations. As the *Novartis* court pointed out, the DOL's interpretations "do far more than merely parrot the language of the FLSA," and are therefore "entitled to 'controlling' deference unless those interpretations are 'plainly erroneous or inconsistent with the regulation.'" 611 F.3d at 153 (quoting *Auer v.*

*Robbins*, 519 U.S. 452, 461 (1997)).  This Court further agrees that no such error or inconsistency exists.  *Id.*

Auxilium points this Court to two opinions in the Third Circuit that came to the opposite conclusion on this question: *Smith v. Johnson & Johnson*, 593 F.3d 280 (3d Cir. 2010), and *Baum v. AstraZeneca LP*, 372 F. App'x 246 (3d Cir. 2010).  Neither of these cases, however, considers the impact of the DOL's *amicus* brief on their decisions. Therefore, they do not provide a reasoned counterweight to the Second Circuit's analysis.

### III.    MOTION TO STRIKE

Plaintiff moves to strike Auxilium's third motion for summary judgment. Auxilium filed the motion in response to this Court's ruling on its second motion for summary judgment, which noted that Auxilium had not provided data comparing Harris's wages to the average wage of all male MSCs.  (Doc. No. 102, at 26.)  Auxilium now seeks to introduce that evidence.

Auxilium's motion comes nine months after the dispositive motions deadline in this case.  Further, Auxilium did not notify the Court in the October 2009 status conference that it intended to file another dispositive motion.  This Court therefore will grant Plaintiff's motion to strike.

The substance of Auxilium's motion, moreover, is not ultimately persuasive to the Court.  In its previous order, the Court did not make a determination of whether the *Lenihan* or *Ambrose* standard should apply with respect to establishing a prima facie case under the EPA.  It merely noted that, even under the *Ambrose* standard, Auxilium had not presented enough evidence for the Court to find that Harris had failed to establish a prima

facie case.  The Court need not pass on the question of what standard should apply now, as it grants Plaintiff's motion to strike.

## IV.     CONCLUSION

For the reasons stated in this Memorandum and Order, Plaintiffs' Motion for Reconsideration of Memorandum and Order (Doc. No. 106) is **GRANTED**.  The portion of the Court's previous order granting summary judgment for Auxilium on the FLSA claims is vacated.  Plaintiffs' Motion to Strike Auxilium's Third Motion for Summary Judgment (Doc. No. 119) is **GRANTED**. The Motion for Summary Judgment of Defendant Auxilium Pharmaceuticals, Inc. (Doc. No. 112) is **DISMISSED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 28th day of September, 2010.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**